IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 14-00257-01-CR-W-DGK |
| THERON L. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION TO DENY**
**DEFENDANT'S MOTION TO SUPPRESS**

Before the court is Defendant's Motion to Suppress (Doc. No. 21). Defendant moves the Court to suppress all evidence and statements resulting from the August 25, 2014 traffic stop on grounds of a Fourth Amendment violation. For the following reasons, Defendant's motion should be denied.

## *I. BACKGROUND*

An indictment was returned on September 19, 2014, charging Defendant with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Currently pending before the Court is Defendant's motion to suppress (Doc. No. 21). The government appeared at the suppression hearing by Assistant United States Attorney Justin Davids. Defendant was present, represented by appointed counsel Carrie Allen. The government called Kansas City, Missouri Police Officers Nathaniel Hurley and Nathan Horsley to testify. The following exhibits were admitted into evidence:

Government's Exhibit 1: Dash cam video of 08/25/14 traffic stop

Defendant's Exhibit 1: Police Report

## II. EVIDENCE

On the basis of the evidence presented at the suppression hearing, I submit the following findings of fact.

1. On August 25, 2014, Kansas City, Missouri Police Officers Nathaniel Hurley and Nathan Horsley were on patrol duty (Tr. at 4, 21). At approximately 1:15 a.m., they were looking for suspicious vehicles near a drug house located on 37th Street between Wabash and Prospect (Tr. at 4-5, 21-22).

2. While doing so, they observed a silver Ford Explorer (completely unrelated to the drug house) fail to come to a complete stop at a stop sign located at 38th and Prospect (Tr. at 5, 6, 22; Gvt. Exh. 1 at 1:18:07[1]). Officers Hurley and Horsley testified they made this determination by watching the wheels of the vehicle, and observing that the wheels never actually stopped moving forward (Tr. at 6, 13, 22, 28-29). The officers gave the driver the benefit of the doubt, and did not pull him over after this first violation (Tr. at 8, 30).

3. The officers continued to follow the Explorer, and observed it also fail to stop at the stop signs located at 38th and Chestnut and 38th and South Benton (Tr. at 5, 7, 22, 23; Gvt. Exh. 1 at 1:18:40 and 1:18:58). Besides failing to come to a complete stop, no other traffic violations were observed (Tr. at 17-18).

4. At the time of the stop, Officer Hurley was aware that failing to stop at a stop sign was a violation of Kansas City Municipal Code Section 7-333 (Tr. at 8).

5. Officer Hurley activated the patrol car's emergency equipment, and performed a traffic stop (Tr. at 5, 7, 14, 23; Gvt. Exh. 1 at 1:19:20). As the driver was pulling over, he rolled through the stop sign located at 38th and Bellefontaine (Tr. at 8-9, 19, 23-24).

---

[1] For unknown reasons, the time as recorded on Government's Exhibit 1 differs slightly from the time references stated on the record. Specific time references in this Report & Recommendation will correspond with the events as depicted in Government's Exhibit 1.

6. A computer check revealed that the driver, later identified as Defendant, had several warrants and a suspended license (Tr. at 5, 24). Defendant was, therefore, placed under arrest (Tr. at 9, 24).

7. After Defendant was arrested, officers decided to have the vehicle towed from the scene (Tr. at 10, 25). An inventory search was performed prior to towing (Tr. at 10, 25). Officer Horsley found a loaded firearm underneath the driver's seat (Tr. at 10, 25, 31-32; Def. Exh. 1).

8. The police report only mentions Defendant's failure to make a complete stop at the intersection of 38th and Benton Boulevard (Tr. at 16, 17, 28; Def. Exh. 1). The report contained an error in that Defendant failed to cross the intersection of 38th and South Benton Avenue, rather than 38th and Benton Boulevard as written (Tr. at 16, 27-28).

### III. LEGAL ANALYSIS

Defendant argues that the officers lacked probable cause to perform the traffic stop. "A traffic violation, no matter how minor, provides an officer with probable cause to stop the driver." United States v. Coleman, 700 F.3d 329, 334 (8th Cir. 2010). See also United States v. Peralez, 526 F.3d 1115, 1119 (8th Cir. 2008); United States v. Coney, 456 F.3d 850, 855-56 (8th Cir. 2006)(citing United States v. Brown, 345 F.3d 574, 578 (8th Cir. 2003)); United States v. Williams, 431 F.3d 296, 298 (8th Cir. 2005); United States v. Gregory, 302 F.3d 805, 809 (8th Cir. 2002). "As long as an officer 'objectively has a reasonable basis for believing that the driver has breached a traffic law,' the officer has probable cause to conduct a traffic stop." Coney, 456 F.3d at 856 (quoting United States v. Thomas, 93 F.3d 479, 485 (8th Cir. 1996)).

In this case, Defendant maintains he came to a full stop at all intersections. The evidence of record does not support this argument. As set forth in Kansas City Municipal Code

Section 70-333(b),[2] failure stop at a stop sign is a traffic violation. I have reviewed the dash cam video and, due to it being dark and the way in which the patrol vehicle's lights hit the tires of the vehicle Defendant was driving, cannot make a determination if Defendant came to a complete stop. The testimony on this topic, however, is uncontested. Both Officer Hurley and Officer Horsley, who personally observed the events as they occurred, testified that the wheels on the vehicle Defendant was driving did not come to a complete stop at any of the four intersections with a stop sign. This observation constitutes an objectively reasonable basis for believing Defendant had breached a traffic law. Because probable cause existed for the traffic stop, the Fourth Amendment was not violated. As a result, the firearm recovered from the vehicle and Defendant's subsequent statements should not be suppressed.

### IV. CONCLUSION

For the above-stated reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and the applicable law, enter an order denying Defendant's motion to suppress.

---

[2]Section 70-333(b) provides:
Except when directed to proceed by a police officer or official traffic control device, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but, if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield to the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within in intersection or junction of roadways. Such driver shall yield the right-of-way to pedestrians within an adjacent crosswalk.

4

Case 4:14-cr-00257-DGK   Document 32   Filed 05/28/15   Page 4 of 5

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained. Failure to file and serve timely specific objections may result in waiver of the right to appeal factual findings made in the report and recommendation which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 27, 2015